Submitted on record and briefs December 2, 2005, reversed and remanded
February 15, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GINA CHERIE ESMINO,
aka Gina C. Esmino,
*Appellant.*

0303-31325; A123745

129 P3d 787

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count of possession of a controlled substance. ORS 475.992 (2003), *amended by* Or Laws 2005, ch 708, § 39. She assigns error to the trial court's denial of her motion to suppress evidence obtained during a traffic stop.

Defendant was the passenger in a car that was stopped for a traffic violation. Defendant also was the owner of the vehicle. The officer who stopped the vehicle asked for, and obtained, defendant's identification. The officer retained the identification and ran a records check. Meanwhile, the officer learned that the driver of defendant's vehicle had been driving it with a suspended license. The officer then told defendant that she would be able to leave when the officer was finished with the investigation. At that point, the officer asked for defendant's consent to search the car. Defendant granted consent, and the officer found methamphetamine in the car, near where defendant had been sitting.

Defendant argues that, among other things, when the officer told her that she could not leave until the investigation of the driver was completed, that amounted to an unlawful stop, which the officer then exploited in asking for consent to search the car. The state, citing *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), concedes that, although defendant may have voluntarily consented to the search, her consent was obtained through exploitation of an unlawful stop. We agree and accept the state's concession.

Reversed and remanded.